# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH WAYNE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:10-CV-317 |
| ) | |
| JUDGE COLVIN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kenneth Johnson's complaint and his petition to proceed *in forma pauperis*. For the reasons set forth below, pursuant to 28 U.S.C. section 1915(e)(2), the Court **DENIES** the Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** this case.

BACKGROUND

The Defendant is Judge Dean Colvin of the Marshall Superior Court. Kenneth Johnson ("Johnson") alleges in his complaint that Judge Colvin "denied me justice", and asks the court to award him $100,000 in damages. [DE 1 at 2].

DISCUSSION

Pursuant to 28 U.S.C. section 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in

the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

Johnson seeks damages from Judge Colvin. Under the doctrine of judicial immunity, state judges are entitled to absolute immunity from damages for judicial acts regarding matters within the court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'").

Judge Colvin is entitled to absolute judicial immunity against Johnson's damage claims if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction). A judge is absolutely immune

for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990). Johnson does not allege that Judge Colvin acted outside his jurisdiction when he performed the acts Johnson complains of. Accordingly, Judge Colvin is entitled to judicial immunity against Johnson's damage claims.

CONCLUSION

For the foregoing reasons, the court **DENIES** the Plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) and pursuant to 28 U.S.C. §1915(e)(2) **DISMISSES** this cause of action.

**DATED: November 12, 2010**     /S/RUDY LOZANO, Judge
                                 **United States District Court**